**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------X
DAVID SOLAN,

    *Petitioner*,

        -against-

WARDEN, MDC BROOKLYN

    *Respondent*.
-----------------------------------X

**NOT FOR PUBLICATION**
**ORDER**

19-CV-1446(KAM)

**MATSUMOTO, United States District Judge:**

    On March 11, 2019, petitioner David Solan, then incarcerated at the Metropolitan Detention Center ("MDC") in Brooklyn, New York, filed this *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1, Petition.)  On April 15, 2019, Solan filed a letter seeking to change his address and to change the respondent in this action to the United States Department of Justice as he was no longer in custody at MDC.[1]  (ECF No. 6, Pet'r's Letter 2.)  He further clarified that he challenges his sentence of supervised release imposed by the United States District Court for the Middle District of Florida.  (*Id.* at 2-3.)

    On May 2, 2019, the court ordered petitioner to show cause no later than May 31, 2019, why his petition should not be construed as a § 2255 petition challenging the constitutionality

---

[1] Petitioner's address of record is in Brooklyn, New York, indicating he is serving his sentence of supervised release within the Eastern District of New York.  (*See* Pet'r's Letter 1.)

of his sentence imposed by the Middle District of Florida, and why his petition, so construed, should not be transferred to the Middle District of Florida. (*See* May 2, 2019 Order to Show Cause.) To date, petitioner has failed to respond to the court's Order.

Because Solan's petition challenges the *validity* of his sentence, (*see* Pet'r's Letter 2-3), rather than the *execution* of the sentence, it must be brought pursuant to 28 U.S.C. § 2255, not § 2241. *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). "[A]s a general rule, federal prisoners must use § 2255 instead of § 2241(c)(3) to challenge a sentence as violating the Constitution or laws of the United States." *Id.*; *see also Levine v. Apker*, 455 F.3d 71, 77-78 (2d Cir. 2006). Furthermore, venue in this district would not be proper for a petition brought under § 2255. Instead, had petitioner originally brought this petition under § 2255, proper venue would lie in the Middle District of Florida, the district of the court that imposed petitioner's sentence. (*See* Pet'r's Letter 2.)

The court is mindful, however, that district courts should take caution when construing petitions as brought under § 2255 or § 2254, given the restrictions on second or successive petitions under the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996. *See Adams v. United States*, 155 F.3d

2

582, 583-84 (2d Cir. 1998) (per curiam). Because there are potential consequences for Solan's rights if the court construes his petition as a § 2255 petition, with no other indication of his intent, the court will provide Solan an additional opportunity to inform the court how he would like to proceed.

Accordingly, the court hereby informs Solan that the relief he seeks, to vacate and recalculate his sentence, is based in 28 U.S.C. § 2255 and, that proceeding under § 2255 may be his only opportunity to seek such relief.[2] *See Adams*, 155 F.3d at 584. Pursuant to *Adams*, Solan is further allowed the opportunity to withdraw his request to vacate his sentence in order to protect that opportunity.

Solan is thus afforded thirty days from the date of this Order to either: (1) withdraw his Petition by informing the court in writing that he wishes to do so; or (2) file an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. The court further advises petitioner that if he does amend his petition under 28 U.S.C. § 2255, the court will transfer his petition to the Middle District of Florida, the

---

[2] In petitioner's letter informing the court of his release, petitioner identifies two grounds to challenge his sentence of supervised release. (Pet'r's Letter 2.) Ground No. 1 relies on the Bureau of Prisons' failure to calculate Solan's release date under the "mandate of the First Step Act." (*Id.*) For reasons discussed at length in the court's recent opinion in *United States v. Grajales*, No. 98-CR-444, slip op. (E.D.N.Y. June 26, 2019), petitioner's argument is meritless.

3

proper venue for such a petition challenging the imposition of sentence by that court.  See 28 U.S.C. § 1406(a).

The Clerk of Court is directed to serve a copy of this Order on petitioner at his address of record and note service on the docket.

**SO ORDERED.**
Dated:    Brooklyn, New York
          July 10, 2019

                                            /s/
                                    **KIYO A. MATSUMOTO**
                                    United States District Judge